**Syed SHAH, Plaintiff–Appellant,**

v.

**Michael QUINLIN, et al.,
Defendants–Appellees.**

No. 89–1678
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 23, 1990.

---

Syed Shah, Oakdale, La., pro se.

Myrna B. Silen, Asst. U.S. Atty., Marvin Collins, U.S. Atty., Dallas, Tex., for defendants-appellees.

Before REAVLEY, KING and JOHNSON, Circuit Judges.

REAVLEY, Circuit Judge:

Appellant, Syed Shah, filed a pro se complaint against officials of the Federal Correctional Institute in Seagoville, Texas, claiming that his constitutional rights were violated in connection with disciplinary proceedings held in 1987. The defendants moved to dismiss the case for lack of subject matter jurisdiction under Fed.R.Civ.P.

12(b)(1) because Shah failed to exhaust his administrative remedies. The trial court granted the defendants' motion and Shah appeals. We reverse the judgment and remand.

I.

In 1987, during disciplinary proceedings while a prisoner at the Federal Correctional Institute in Seagoville, Texas, Shah was found to have violated prison regulations. As a result, Shah was punished with a loss of good time and disciplinary segregation. Seeking administrative relief, Shah properly filed a complaint with the Warden on October 26, 1987. The Warden denied Shah's request for relief. Shah appealed the denial to the Regional Director. This appeal was not accepted because it was considered not to be timely filed. Shah then appealed to the General Counsel, which is the final step in the administrative appeal process. This appeal was denied because Shah's appeal to the Regional Director was not timely.

On November 14, 1988, Shah wrote a letter to the Warden complaining of delays in the prison mail system resulting in delays in delivery and processing of prisoner complaints. The Warden responded on November 16, indicating that Shah's allegations would be investigated.

On December 1, 1988, Shah filed this complaint in federal district court claiming that his constitutional rights had been violated during the 1987 disciplinary proceedings.[1] Shah asked that the disciplinary committee's decision be set aside, that the defendants be enjoined "from reporting alleged offense behaviour to outside agencies," and that the defendants be ordered to pay damages. In his complaint, Shah did not allege that he had exhausted his administrative remedies. On March 14, 1989, the matter was referred to a United States magistrate pursuant to 28 U.S.C. § 636(b).

The defendants filed a motion to dismiss for lack of subject matter jurisdiction, as-

---

1. Specifically, Shah alleged that the prison officials failed to offer prima facie evidence of his guilt, that the incident report did not set forth the material circumstances of the offense, that the prison officials knowingly used perjured testimony, and that the sanctions imposed were too harsh.

serting that Shah had failed to exhaust his administrative remedies. In its findings, conclusions, and recommendations, the magistrate recommended that Shah's complaint be dismissed for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) because Shah had failed to exhaust his administrative remedies. Shah filed objections to the magistrate's report in which Shah alleged, among other things, that he had, in fact, exhausted his administrative remedies. Without specifically addressing Shah's objections, the district court adopted the magistrate's report, denied Shah's objections to the report, and dismissed Shah's complaint under Rule 12(b)(1) for failure to exhaust administrative remedies.

## II.

The district court held that it lacked jurisdiction over the complaint because Shah had failed to exhaust his administrative remedies.[2] The Bureau of Prisons' administrative remedy procedure is found at 28 C.F.R. pt. 542. The procedure provides that if a dispute cannot be resolved informally, see id. § 542.13(a), the inmate "may file a formal written complaint, on the appropriate form," id. § 542.13(b). This form is known as a BP–DIR–9. The complaint is not considered filed until a receipt is issued by prison officials. Id. § 542.14. If the Warden does not respond to the inmate's BP–DIR–9 within 15 days of receipt of the complaint, the inmate may presume that his request has been denied. Id. If an inmate is dissatisfied with the Warden's response to his BP–DIR–9, the inmate may file an appeal with the Regional Director on the appropriate form—a BP–DIR–10— within 20 days of the Warden's response. Id. § 542.15. If the inmate is not satisfied with the Regional Director's response to his BP–DIR–10 request, he may file an appeal with the General Counsel on the appropriate form—a BP–DIR–11—within 30 days of the Regional Director's response. Id.

The record reveals that on October 15, 1987, Shah drafted his complaint on form BP–DIR–9. R. 27–28. On October 26, 1987, receipt of Shah's complaint was issued, R. 138, resulting in the complaint being considered filed. See 28 C.F.R. § 542.14. The Warden, therefore, had 15 days from October 26 in which to respond to Shah. Id. If Shah did not receive a response within the 15 days, Shah could consider that his request had been denied. Id. The Warden drafted his response to Shah on November 9, 1987, which was within the 15 day period.[3] R. 139.

Defendants contend that Shah had until November 29—20 days after November 9—to file an appeal. R. 31; see 28 C.F.R. § 542.15. The record shows that Shah drafted his appeal on form BP–DIR–10 on November 28, 1987, R. 140, which is within the 20 day time period. Shah contends that on that same day he placed the appeal in the mail. R. 126. The record does not indicate that the Regional Director ever issued a receipt for the BP–DIR–10, R. 140, and an appeal is not considered filed until a receipt is issued. 28 C.F.R. § 542.14. On December 14, 1987, the Regional Director refused to accept Shah's appeal because the appeal was not received until December 14, well after the November 29 filing deadline. R. 31.

On December 22, 1987, Shah drafted an appeal to the General Counsel on form BP–DIR–11. R. 32. On December 29, 1987, this appeal was not accepted because Shah's BP–DIR–10 was not timely. R. 33.

In his complaint filed in district court, Shah did not specifically allege that he exhausted his administrative remedies. He did, however, attempt to set forth the chronology of events leading up to his filing the complaint. R. 6–7. In his response to the magistrate's report, Shah alleged and attempted to demonstrate that he exhausted his administrative remedies. R. 124–29.

---

**2.** Exhaustion of administrative remedies is not necessarily a jurisdictional matter. See Holloway v. Gunnell, 685 F.2d 150, 152 n. 2 (5th Cir.1982); Steere Tank Lines, Inc. v. Interstate Commerce Comm'n, 675 F.2d 763, 765 & n. 5 (5th Cir.1982); see also Ainsworth Aristocrat Int'l Pty. Ltd. v. Tourism Co. of Puerto Rico, 818

F.2d 1034, 1039 n. 26 (1st Cir.1987) (exhaustion may be jurisdictional if statute so provides).

**3.** The record does not indicate when Shah received the Warden's response. Shah contends that he did not receive it until November 24.

Specifically, Shah alleged that he placed the BP–DIR–10 in the mail on November 28, 1987, which was within the 20 day filing period. R. 126. Shah claimed that prison personnel delayed the delivery of communications with prison officials, including the Warden's response to his complaint and his appeal to the Regional Director. R. 126–28. In essence, Shah argued that to the extent he failed to exhaust his administrative remedies, it was because of the delays created by prison personnel. R. 124–29. According to Shah, because his BP–DIR–11 was timely filed, he exhausted his administrative remedies. R. 128. Without specifically responding to Shah's objections to the magistrate's report, the district court made an "independent review of the pleadings, files and records in this case," adopted the magistrate's report, and dismissed the case for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1). R. 173–74.

The district court clearly can dismiss a complaint for failure to exhaust administrative remedies. *See Miller v. Stanmore,* 636 F.2d 986, 991 n. 5 (5th Cir. Unit A Feb. 1981). To the extent Shah's claims are *Bivens*[4] actions,[5] it would be appropriate for the trial court to dismiss his claims since exhaustion is a prerequisite to pursuing relief in court. *Hessbrook v. Lennon,* 777 F.2d 999, 1003–05, 1007 (5th Cir.1985). To the extent Shah's claims fell within the Federal Tort Claims Act,[6] his failure to exhaust his administrative remedies would be a jurisdictional bar to proceeding in court. *Gregory v. Mitchell,* 634 F.2d 199, 203–04 (5th Cir.1981); 28 U.S.C. § 2675(a). The district court also could dismiss Shah's claims if it determined that the claims were frivolous or malicious. *See Holloway v. Gunnell,* 685 F.2d 150, 152, 154–55 (5th Cir.1982); 28 U.S.C. § 1915(d). However, we believe dismissal was premature in this case[7] where Shah was proceeding pro se

and has shown a "substantial effort to obtain an administrative remedy." *Holloway,* 685 F.2d at 154. Shah should be given the opportunity to amend his complaint to allege and prove that he had exhausted his administrative remedies. *See Miller,* 636 F.2d at 991; *Cline v. Herman,* 601 F.2d 374, 375–76 & 376 n. 1 (8th Cir. 1979). This is especially true here, where Shah's objections to the magistrate's report—which were never specifically addressed by the district court—in essence alleged that irregularities in the administrative process itself prohibited him from exhausting his administrative remedies. *See Holloway,* 685 F.2d at 154. Because of our disposition of this appeal, there is no need to address the other issues presented by Shah.

The judgment of the trial court is REVERSED and the case REMANDED.

---

4. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

5. The magistrate classified Shah's case as a *Bivens* action. R. 112. The magistrate also noted that portions of Shah's claim might be construed as falling under the Federal Tort Claims Act. R. 113–14.

6. 28 U.S.C. §§ 2671–2680.

7. We also note that it was error for the district court to dismiss the case for lack of subject matter jurisdiction unless a statute requires exhaustion. *See Ainsworth Aristocrat,* 818 F.2d at 1039 n. 26. Given that the magistrate classified Shah's action as a *Bivens* case, dismissal was appropriate, but not for lack of jurisdiction. *See Hessbrook,* 777 F.2d 999.