**Edith Loretta COBB, et al., Plaintiffs,**

v.

**CITY AND COUNTY OF DENVER, STATE OF COLORADO, et al., Defendants.**

**No. 90–C–943.**

United States District Court, D. Colorado.

March 26, 1991.

Edith Cobb, Robert De Vario Harrison and Donnell Cobb, pro se.

Niels Loechell, Simon Lipstein, for defendants.

## MEMORANDUM OPINION AND ORDER

CARRIGAN, District Judge.

*Pro se* plaintiffs Edith Cobb, Robert De Vario Harrison and Donnell Cobb commenced this action against the City and County of Denver, the State of Colorado, the Denver Department of Social Services, the Denver Department of Health and Hospitals, the Denver Public Defenders Office, Karen Mallender, Jeffery Pagliagua, Eileen White and Henricka Cantwell. Plaintiffs attempt to assert claims under 42 U.S.C. § 1983 and pendent state law tort claims. Construing the amended complaint liberally, as I must, *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972), I conclude that the plaintiffs have not stated a claim upon which relief may be granted, and therefore the complaint and action must be dismissed.

### I.   *State Defendants.*

■ The Eleventh Amendment to the United States Constitution bars all suits against states in federal district court. *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). Therefore the plaintiffs' claims against the State of Colorado are barred by the Eleventh Amendment and must be dismissed.

Eleventh Amendment immunity has been extended to municipal entities that are arms of the state. *Unified School Dist. No. 480 v. Epperson,* 583 F.2d 1118 (10th Cir.1978). Two previous decisions of this court have concluded that, in Colorado, municipal departments of social services are in reality arms of the state and therefore immune from suit in federal court. *Hidahl v. Gilpin County Department of Social Services,* Civil Action No. 88–C–1537, Slip Op. (D.Colo. December 11, 1990); *Oyler v. City and County of Denver,* 1990 WL 134485, Civ. No. 90–A–1255 (D.Colo.1990). Thus, the plaintiffs' claims against the Denver Department of Social Services are barred by the Eleventh Amendment and must be dismissed.

Claims against state officials in their official capacities are in actuality claims against the state itself. Thus, each of the plaintiffs' claims against state officials in their official capacities are barred by the Eleventh Amendment and must be dismissed. Claims against Denver Department of Social Services employees in their official capacities are claims against the department and are therefore barred by the Eleventh Amendment.

### II.   *City Defendants.*

■ A municipality is a "person" for purposes of § 1983. *Monell v. Department of Social Services,* 436 U.S. 658, 689, 98 S.Ct. 2018, 2035, 56 L.Ed.2d 611 (1978). *Monell* however, held:

> "that a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694, 98 S.Ct. at 2037.

Plaintiffs have not alleged that their injuries were caused by execution of policies or customs of the City and County of Denver, the Denver Public Defenders Office or the Denver Department of Health and Hospitals. Thus, I conclude that the plaintiffs' § 1983 claims against the City and County of Denver, the Denver Department of Health and Hospitals and the Denver Public Defenders Office must be dismissed.

### III. *Individual Defendants.*

Plaintiffs have named four individual defendants: (1) Jeffery Pagliagua and Eileen White (attorneys in the Denver Public Defenders Office); (2) Karen Mallender (a social worker); and (3) Henricka Cantwell.

Plaintiffs' only claim against Cantwell is that she was involved in a conspiracy to "damage and destroy the family without just cause." Amended complaint at ¶ 4. Plaintiffs do not allege that Cantwell was acting under color of state law. Thus, to the extent that the plaintiffs have attempted to state a § 1983 claim against Cantwell, it must be dismissed.

Social workers are entitled to qualified immunity when, acting upon a good faith belief that a child is being abused, they remove that child from the family home. *Myers v. Morris*, 810 F.2d 1437, 1462 (8th Cir.1987); *Hidahl*, at 8; *Whitcomb v. Jefferson County Dep't of Social Services*, 685 F.Supp. 745 (D.Colo.1987). In their complaint, the plaintiffs allege that Mallender sent the Denver police to remove two children from the family home. Plaintiffs acknowledge that this was done because Mallender believed that Harrison, a member of the household, was sexually abusing the children. Harrison was charged with sexual assault, and after trial in state court, he was convicted by a jury. Clearly Mallender acted upon a good faith belief that the children were being abused and she is therefore entitled to qualified immunity. Thus, the plaintiffs' § 1983 claims against Mallender must be dismissed.

Plaintiffs attempt to state a § 1983 claim against Pagliagua and White, Harrison's public defenders at his sexual assault trial. A "public defender does not act under color of state law when performing a lawyer's traditional functions as counsel in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981). Because all of the plaintiffs' § 1983 claims against these defendants stem from the defendants' performance as counsel in a criminal proceeding, they are insufficient as a matter of law and must be dismissed.

### IV. *Pendent State Law Claims.*

In addition to their federal claims, the plaintiffs have asserted state law claims. Because complete diversity of citizenship does not exist, subject matter jurisdiction to hear the remaining claims exists, if at all, pursuant to this court's power to hear pendent state claims. Under *United Mine Workers v. Gibbs*, the remaining claims exists, if at all, pursuant to this court's power to hear pendent state claims. Under *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), federal district courts have discretion to hear pendent state claims:

> "[I]f, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, *assuming substantiality of the federal issues*, there is *power* in the federal courts to hear the whole.

> That power need not be exercised in every case in which it is found to exist. It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right." *Gibbs*, 383 U.S. at 725, 726, 86 S.Ct. at 1138, 1139, (Emphasis added in part).

Here the federal claims clearly are not substantial, and therefore this court lacks jurisdiction over the plaintiffs' state law claims. Under *Gibbs*, the state law claims must be dismissed. *Id.* at 726, 86 S.Ct. at 1139.

Accordingly IT IS ORDERED that the plaintiffs' complaint and action are dismissed with prejudice.