951 F.2d 1259
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Debbie M. GONZALES, Plaintiff-Appellant,
v.
PUEBLO COUNTY DEPARTMENT OF SOCIAL SERVICES, Defendant-Appellee.
 No. 91-1290.
 United States Court of Appeals, Tenth Circuit.
 Dec. 17, 1991.
 
 Before McKAY, Chief Judge, SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 Seymour, Chief Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Debbie Gonzales filed this action against the Pueblo County Department of Social Services ("Department") seeking monetary damages and injunctive relief. Ms. Gonzales contends that the Department took her five children away from her in violation of her constitutional rights. The United States District Court for the District of Colorado dismissed the case on its own motion, holding that the Eleventh Amendment barred Ms. Gonzales's suit. Rec., vol. I, doc. 3 at 2. We affirm.
 
 
 3
 The Eleventh Amendment bars suits in federal court against states or their agents without their consent. "It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment. This jurisdictional bar applies regardless of the nature of the relief sought." Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100 (1984) (citations omitted). We agree with the district court that, under the facts of this case, the Department is an arm of the state immune from suit in federal court. Rec., vol. I, doc. 3 at 2; see Cobb v. City & County of Denver, 761 F.Supp. 105, 106 (D.Colo.1991). Because the Department is the only named defendant, the Eleventh Amendment erects a jurisdictional bar requiring dismissal. See Southern Pac. Transp. Co. v. City of Los Angeles, 922 F.2d 498, 508 (9th Cir.1990) (Eleventh Amendment does not ban suits against state officers acting in their official capacities, but it does ban suits against a state agency itself), cert. denied, 60 U.S.L.W. 3342 (U.S. Nov. 5, 1991).
 
 
 4
 Ms. Gonzales urges on appeal that she should have been granted leave to amend her complaint to add the "[seven] welfare workers who took her children away from her." Appellant's Opening Brief at 3. Ms. Gonzales did not, however, make such a request of the district court. See Rec., vol. I, at 3. As a result, this issue is not presented on appeal. The seven officers, whoever they may be, were not parties to this suit in the district court and are not parties to this suit here.
 
 
 5
 The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3