73 F.3d 373
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Edgil Lee HILL, Plaintiff-Appellant,
v.
COLORADO DEPARTMENT OF CORRECTIONS, Chaffee County Social
Services, Warren T. Diesslin, Jennie Diesslin,
Gary Neet, W. Brunell, Mary Stout, Walt
Aherns, Ron Leyba, Cris Clements,
Defendants-Appellees.
 No. 95-1220.
 United States Court of Appeals, Tenth Circuit.
 Dec. 26, 1995.
 
 Before SEYMOUR, Chief Judge, and McKAY and HENRY, Circuit Judges.
 ORDER AND JUDGMENT[1]
 HENRY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument. In addition, we grant Mr. Hill's motion to proceed in forma pauperis so that we may consider the merits.
 
 
 2
 Plaintiff-appellant Edgil Lee Hill, a prisoner in the custody of the Colorado Department of Corrections, appeals the district court's order dismissing his complaint as frivolous under 28 U.S.C.1915(d). We affirm the district court's dismissal of Mr. Hill's first claim for relief and also affirm the dismissal of all of his claims against the Colorado Department of Corrections and Chaffee County Social Services. However, we reverse the district court's dismissal of Mr. Hill's second and third causes of action against the other defendants. We also reverse the district court's dismissal of Mr. Hill's claims for relief involving the length of his confinement.
 
 
 3
 Mr. Hill's pro se complaint sets forth three causes of action against a variety of defendants: the Colorado Department of Corrections, Chaffee County Social Services and one of its case managers, the warden of the Buena Vista Correctional Facility, and administrative and corrections officers at the facility. In his first cause of action, Mr. Hill alleges that the defendant Jennie Diesslin, a Chaffee County case manager, violated his First, Fifth, Eighth, and Fourteenth Amendment rights by making slanderous remarks about him to his fiancee and her children, by interfering with his relationship with them, and by conspiring with corrections officers to prevent them from visiting him. In his second cause of action, Mr. Hill alleges that corrections officials violated these same constitutional rights by conspiring to bring unlawful disciplinary charges against him and placing him in solitary confinement "in order to cause family problems" and in retaliation for his having filed a lawsuit and several grievances against the Buena Vista facility. Rec. doc. 3, at 3. Mr. Hill's third cause of action alleges that corrections officials violated his First, Fifth, Eighth, and Fourteenth Amendment rights by not allowing him to call witnesses during hearings regarding the charges against him and by convicting him of the charges without offering supporting evidence. Mr. Hill seeks damages, return of good time credits, and expungement of prison records regarding the disciplinary charges.
 
 
 4
 The district court dismissed Mr. Hill's complaint as frivolous pursuant to 28 U.S.C.1915(d). The court reasoned that Mr. Hill's allegations against Ms. Diesslin did not involve the denial of constitutional rights and that his allegations regarding the disciplinary charges were conclusory. The court also found that the Colorado Department of Corrections and Chaffee County Social Services were entitled to Eleventh Amendment immunity. It construed Mr. Hill's request for a return of good time credits as a petition for a writ of habeas corpus and noted that he had failed to allege that he had exhausted all available state remedies.
 
 
 5
 We review a district court's dismissal of a complaint as frivolous under 28 U.S.C.1915(d) for an abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992); Fratus v. DeLand, 49 F.3d 673, 674 (10th Cir.1995). A complaint is frivolous under 1915(d) "only if it lacks an arguable basis either in law or in fact.' " Fratus, 49 F.3d at 674 (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)). Under this standard, a claim is legally baseless if it alleges the infringement of a legal interest that does not exist or if the named defendants are clearly entitled to immunity. Neitzke, 490 U.S. at 325. Claims lacking a basis in fact are those involving allegations that are "irrational" or "wholly incredible." Denton, 112 S.Ct. at 1733.
 
 
 6
 An in forma pauperis complaint may not be dismissed under 1915(d) "simply because the court finds the plaintiff's allegations unlikely." Id. Additionally, a complaint that fails to state a claim upon which relief may be granted under Fed.R.Civ.P. 12(b)(6) is not necessarily frivolous under 1915(d). Neitzke, 490 U.S. at 328-29. "The concern that pro se litigants have notice and opportunity to avoid dismissal of their legitimate claims by amending and supporting their pleadings militates against equating 1915(d) and Rule 12(b)(6) standards." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir.1991). Accordingly, a number of courts have determined that pro se plaintiffs' conclusory allegations should not be dismissed under 1915(d) so that these plaintiffs may be allowed to amend their complaints. See, e.g., Alston v. DeBruyn, 13 F.3d 1036, 1040 (7th Cir.1994); Street v. Fair, 918 F.2d 269, 273 (1st Cir.1990)); see also Roman-Nose v. New Mexico Dep't of Human Services, 967 F.2d 435, 438 (10th Cir.1992) (concluding that pro se plaintiff should be allowed to amend her complaint).
 
 
 7
 As to Mr. Hill's first cause of action, we conclude that the district court did not abuse its discretion in ordering dismissal under 1915(d). Neither Mr. Hill's allegations regarding Ms. Diesslin's slanderous statements nor his allegations regarding her interference with his relationship with his fiancee and her children involve the violation of constitutional rights. See Davis v. City of Chicago, 53 F.3d 801, 804 (7th Cir.1995) ("[T]he Constitution does not forbid libel and slander.").
 
 
 8
 The district court also did not abuse its discretion in dismissing the allegations against the Colorado Department of Corrections and Chaffee County Social Services. The Department of Corrections is an arm of the state and is thus entitled to Eleventh Amendment immunity. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989). As to Chaffee County Social Services, the only allegation against that agency is that it employed Ms. Diesslin. That allegation does not involve an interest protected by the Constitution.[2]
 
 
 9
 However, Mr. Hill's second and third causes of action appear to be neither legally nor factually baseless under the 1915(d) standard. Mr. Hill's second cause of action alleges that disciplinary charges were filed against him in retaliation for the filing of a lawsuit and several grievances. "The existence of an improper motive for disciplining a prisoner which results in interference with a constitutional right also may give rise to a second and separate cause of action under section 1983." Smith v. Maschner, 899 F.2d 940, 947 (10th Cir.1990). Prisoners have a constitutional right of access to the courts, and may therefore assert 1983 claims alleging that prisoner officials have retaliated against them for exercising this right. Id. Mr. Hill's third cause of action focuses on the denial of the opportunity to call witnesses at several hearings. This court has concluded that prisoners facing disciplinary charges are "entitled to marshal their defenses by calling witnesses." Id. at 946 (citing Wolff v. McDonnell, 418 U.S. 539, 566 (1974)).
 
 
 10
 We agree with the district court that many of Mr. Hill's allegations are conclusory. Therefore, they may be subject to dismissal upon the defendants' filing of a motion under Fed. R. Civ. 12(b)(6) or a properly supported motion for summary judgment. Nevertheless, the case law establishing that prisoners are entitled to constitutional protection from retaliatory disciplinary action and that they may call witnesses at certain disciplinary hearings indicates that Mr. Hill's second and third causes of action are not frivolous under 1915(d).[3]
 
 
 11
 Finally, we agree with the district court that to the extent Mr. Hill seeks relief affecting the length of his confinement, his sole federal remedy is a petition for a writ of habeas corpus. See Heck v. Humphrey, 114 S.Ct. 2364, 2369 (1994). However, because there is some possibility that Mr. Hill may be able to allege that he has exhausted his state remedies, the 1915(d) dismissal of the claim for relief affecting the length of his confinement was also unwarranted. See Shah v. Quinlin, 901 F.2d 1241, 1244 (5th Cir.1990) ("[Petitioner] should be given the opportunity to amend his complaint to allege and prove that he has exhausted his administrative remedies.").
 
 
 12
 Accordingly, the district court's dismissal of Mr. Hill's first cause of action is AFFIRMED. The district court's dismissal of the claims against the Colorado Department of Corrections and Chaffee County Social Services is also AFFIRMED. However, the district court's dismissal of Mr. Hill's second and third causes of action and his claim for relief affecting the length of his confinement is REVERSED. The case is REMANDED for proceedings consistent with this opinion.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 In dismissing the allegations against Chaffee County Social Services, the district court concluded that the agency is an arm of the state and is therefore entitled to Eleventh Amendment immunity. It based this conclusion on a Colorado federal district court decision regarding municipal social service agencies. See Rec. doc. 4, at 6 (citing Cobb v. City & County of Denver, 761 F.Supp. 105, 106 (D.Colo.1991)). We are unable to determine from Mr. Hill's complaint whether Chaffee County Social Services is an arm of the state entitled to Eleventh Amendment immunity. However, because the allegations against the agency do not involve the violation of constitutional rights, we need not reach this question
 
 
 [3]
 In Sandin v. Conner, 115 S.Ct. 2293, 2301 (1995), the Supreme Court concluded that a prisoner's placement in segregated confinement "did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." According to the Fifth Circuit, after Sandin, "the ambit of [prisoners'] potential Fourteenth Amendment due process liberty claims has been dramatically narrowed." Orellana v. Kyle, 65 F.3d 29, 32 (5th Cir.1995), petition for cert. filed, No. 95-6743 (Sept. 15, 1995). "[I]t is difficult to see that any other deprivations in the prison context, short of those that clearly impinge on the duration of confinement, will henceforth qualify for constitutional liberty' status." Id. at 31-32
 For several reasons, Sandin does not support the district court's dismissal of Mr. Hill's complaint under 1915(d). First, Sandin was decided after the hearings at issue here, and it is not clear whether Sandin should be applied retroactively. See Sanchez v. Miller, 792 F.2d 694, 703 (7th Cir.1986) ("Sanchez's due-process claim must be determined by the state of the law as it existed ... [on] the date his ... hearing was held."), cert. denied, 479 U.S. 1056 (1987).
 In addition, Sandin does not foreclose the possibility that some segregative placements may implicate a liberty interest under the Due Process Clause. In concluding that the plaintiff prisoner's segregation did not involve a liberty interest, the Court examined the evidence in the record regarding the conditions of the prisoner's confinement. See Sandin, 115 S.Ct. at 2301 ("The record shows that, at the time of Conner's punishment, disciplinary segregation, with insignificant exceptions, mirrored those conditions imposed on inmates in administrative segregation and protective custody."). In this case, there is no evidence in the record regarding the conditions of Mr. Hill's confinement after disciplinary charges were filed.
 Finally, Sandin notes that, in spite of limitations on claims under the Due Process Clause, prisoners may still challenge the conditions of confinement under the First and Eighth Amendments and under the Equal Protection Clause of the Fourteenth Amendment. Id. at 2302 n. 11. Here, Mr. Hill has alleged violations of the First, Fifth, Eighth, and Fourteenth Amendments.