William E. EDDINS, et al.

v.

EXCELSIOR INDEP. SCH. DIST., et al.

Nos. 9:96–CV–107, 9:96–CV–108.

United States District Court,
E.D. Texas,
Lufkin Division.

March 15, 2000.

---

William Eugene Parham, Parham's Law Office, Hempstead, TX, for William E. Eddins, Evelyn Eddins, Christy McD.

David Feldman, Feldman & Rogers LLP, Houston, TX, Jeffrey L Rogers, Sheila Pimpler Haddock, Feldman & Rogers, Houston, TX, for Excelsior Independent School District, defendant.

Wayne D. Haglund, Attorney at Law, Lufkin, TX, for Shelby County Special Education Cooperative, defendant.

C. Robert Mace, Fulbright & Jaworski, Houston, TX, for Timpson Independent School District, defendant.

Craig Carter, Attorney General's Office, General Litigation Division, Austin, TX, Katherine Aborah Antwi, Texas Education Agency, Austin, TX, for State of Texas, Texas Education Agency, defendant.

### ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION RE: DEFENDANT TEXAS EDUCATION AGENCY'S MOTIONS TO DISMISS

HANNAH, District Judge.

These consolidated actions are referred to a United States magistrate judge with instructions to submit a written report and recommendation regarding dispositive motions. *See* 28 U.S.C. § 636(b)(1)(B).

The magistrate judge has submitted a report that recommends that the court grant motions to dismiss filed by defendant, Texas Education Agency. Plaintiffs timely objected to the proposed findings,

conclusions and recommendations of the magistrate judge.

Upon conducting a *de novo* review of the magistrate judge's report and plaintiffs' objections, the court concludes that the magistrate judge correctly determined that Eleventh Amendment immunity absolutely bars suit under 42 U.S.C. § 1983 against a state agency, Texas Education Agency. Moreover, even if the court were to construe plaintiffs' claims against Texas Education Agency as direct actions under the Individuals with Disabilities Education Act, they could not proceed to trial, first, because plaintiffs do not complain of an official agency policy or practice of general application, and, second, plaintiffs have not sued proper parties, *viz.*, individual members of the State Board of Education in their official capacities. It is therefore

**ORDERED** that plaintiffs' objections are **OVERRULED**. It is further

**ORDERED** that the report and recommendation of the magistrate judge is **ADOPTED**.

An order dismissing plaintiffs' complaint against defendant, Texas Education Agency, will be entered separately.

## REPORT AND RECOMMENDATION RE: TEXAS EDUCATION AGENCY MOTIONS TO DISMISS

HINES, United States Magistrate Judge.

These consolidated actions are referred to the undersigned United States magistrate judge for consideration of pretrial matters. The referral orders direct the magistrate judge to submit a report and recommendation regarding motions for injunctive relief, judgment on the pleadings, summary judgment and dismissal. *See* 28 U.S.C. § 636(b) (1994); Local Rules for Assignment of Duties to Magistrate Judges.

This report addresses motions to dismiss filed by defendant, Texas Education Agency ("TEA").

## I. Nature of Suit

Plaintiffs William E. Eddins and Evelyn Eddins assert causes of action individually and as next friends of minors referred to as "Mary W." and "Christy McD." These minors allegedly have learning disabilities. Plaintiffs contend that the state public school district within which the minors resided failed to provide a "free appropriate public education" as required under federal law.[1]

Plaintiffs originally asserted causes of action under Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*; the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 794; and Reconstruction civil rights statutes, i.e., 42 U.S.C. §§ 1981, 1983, 1985, and 1986. Plaintiffs sought a broad array of compensatory damages and injunctive and declaratory relief.

Plaintiffs sued three "school defendants," *viz.*, Excelsior Independent School District, Timpson Independent School District and Shelby County Special Education Cooperative. Plaintiffs also sued Texas Education Agency in its alleged supervisory capacity.

## II. Proceedings

By order dated January 29, 1999, the court addressed motions to dismiss separately filed by the school defendants. That order granted partial summary judgments and partial dismissals. (*See* Dockt. No. 86.)

By subsequent order entered simultaneously with this report, the court determined *in limine* that the sole claim remaining for trial against any school defendant is an action under 42 U.S.C. § 1983 against Excelsior Independent School District ("Excelsior ISD") for (a) breach of settlement agreements entered

---

1. A more extensive description of the parties, the precise contours of their dispute, and the statutory context in which it arose is repeated

in *Eddins v. Excelsior I.S.D.*, 1997 WL 470353, (E.D.Tex. Aug.6, 1997).

in June, 1994, and (b) enforcement of judgments entered by Hon. Evelyn Conner Hicks, a TEA independent state hearing officer, pursuant to those settlement agreements. (*See* Order *in limine* Re: Claims Remaining for Trial, Dockt. No. 107.)

The action is thus ripe for trial with regard to the sole remaining school defendant, Excelsior ISD. However, the court has not yet addressed TEA's motions to dismiss.

### III. TEA's Motions to Dismiss

TEA's motions to dismiss were filed on July 1, 1996. (*See* 9:96–CV–107, Dockt. No. 22; 9:96CV108, Dockt. No. 25.) In the original motions, subsequent replies to plaintiffs' oppositions and oral arguments to the courts, TEA asserted as grounds for dismissal the following:

1. Plaintiffs failed to exhaust administrative procedures;

2. TEA is an improper party because it is not a local education agency;

3. Plaintiffs lack standing because EDGAR does not provide a private right of action;[2]

4. Plaintiffs seek unrecoverable damages because IDEA does not provide for monetary damages;

5. As a state agency, TEA is immune from suit under the Eleventh Amendment of the U.S. Constitution.

The court scheduled a hearing on TEA's motions for June 11, 1999. At oral argument, TEA's counsel, citing changes in the law since the date of the original motion, abandoned all grounds except exhaustion of administrative remedies (Ground 1) and immunity (Ground 5).

Regarding exhaustion of administrative remedies, TEA contends that plaintiffs failed to exhaust their administrative remedies because they failed to use available hearings available under IDEA and its implementing regulations, and failed to utilize complaint processes available through the United States Department of Edu-

cation, Office of Civil Rights. Regarding immunity, TEA offers a twin-faceted argument.

First, TEA contends that Congress does not have authority to abrogate states' Eleventh Amendment immunity from suit under IDEA. Second, TEA asserts that Congress has not attempted to abrogate state's immunity regarding actions under 42 U.S.C. § 1983.

In response, plaintiffs argue that exhaustion of administrative remedies is excused due to futility. Regarding immunity, plaintiffs contend that when Congress passed IDEA legislation, it specifically abrogated states' immunity from suit under the Eleventh Amendment of the United States Constitution.

### IV. Discussion and Analysis

#### A. Allegations and Theory of Recovery

The original and amended complaints alleged only generally that all defendants denied Mary W. and Christy McD. rights guaranteed under IDEA and the Rehabilitation Act. Further, they asserted in purely conclusory terms that all defendants conspired against Mary W. and Christy McD. and their families. The only specific references to TEA in the amended complaints relate to (a) failure to take action regarding the school defendants' alleged noncompliance with state and federal guidelines, and (b) failure to investigate and act upon "apparent misappropriation of government funds," (*See Mary W., et al. v. Excelsior I.S.D., et al.,* 9:96–CV–107, Amended Compl. ¶¶ 31, 34; *Christy McD., et al. v. Excelsior I.S.D., et al.,* 9:96–CV–108, Amended Compl. ¶¶ 29, 33.)

Plaintiffs subsequently submitted numerous written responses, exhibits and oral arguments in connection with various defendants' motions to dismiss. These serve to amplify and clarify substantially the nebulous allegations in their amended complaints. When the amended complaints are construed in light of these sup-

---

**2.** "EDGAR" is an acronym for the Education Department General Administrative Regula-

tions (34 C.F.R. pts. 74, 75, 76, 77, 79, 80, 81, 82, 85, and 86.) *See* 34 C.F.R. § 77.1 (1998).

plementary materials, it is apparent that the essence of plaintiffs' complaint against TEA is that TEA failed to fulfill its supervisory role with regard to the school defendants regarding the specific cases of Mary W. and Christy McD.[3]

TEA's alleged supervisory failures fall within three general categories: (1) Failing to monitor and enforce Excelsior ISD's compliance with settlement agreements and related administrative judgments establishing appropriate educational classifications and services for Christy McD and Mary W.;[4] (2) Failing to address tort-like claims and award compensatory damages and attorney fees;[5] and (3) Failing to require punitive personnel changes and other administrative sanctions relating to local school operations.[6] Exactly how plaintiffs propose to impose liability on TEA for these alleged omissions was not apparent at the outset. Ultimately, however, plaintiffs clarified their theory of the case by explicitly contending that the gen-

eral civil rights statute, 42 U.S.C. § 1983, provides a mechanism whereby they may impose such liability on TEA.

At the June 11, 1999 hearing, plaintiffs' counsel stated that the only remaining causes of action are Section 1983 claims based on deprivations of rights and privileges under IDEA and the Rehabilitation Act. (*See* Tr. Of June 11, 1999 Hr'g at 49 – 50.) Consistently with counsel's oral assertion, plaintiffs also submitted a written "Response to Court's Request to Identify Claims" (Docketed as received on June 4, 1999) wherein plaintiffs stated their contentions regarding claims pending against TEA. In that response, plaintiffs propose to assert one claim against TEA in behalf of Mary W. (*Id.* at page 6) and three claims in behalf of Christy McD. (*Id.* at pages 11 – 12). Each claim is asserted under 42 U.S.C. § 1983. Moreover, plaintiffs further assert that liability regarding each claim should be joint and several as between TEA and Excelsior ISD.[7]

3. TEA *is a state agency that oversees and accredits public schools in Texas. It is a "State Educational Agency" (SEA) for purposes of Part B of IDEA, and is therefore responsible for ensuring that the requirements of the statute are carried out, and that educational programs for children with disabilities meet prescribed educational standards.*

4. Regarding appropriate educational classifications and services, the parties executed a "Settlement Agreement and Full and Complete Release" in the case of each child. Hearing Officer Hicks further expressly found that *all demands made by plaintiffs within the scope of her authority had been accepted by Excelsior ISD in the settlement agreements.* (*See* Pl.'s Resp. To Def. Texas Education Agency's Mot. To Dismiss Ex. K at 11–13.)

5. Plaintiffs sought compensatory damages for Christy McD and her family related to alleged slander and wrongful death of a parent. (*See* Tr. Of Feb. 19, 1999 H'rg at 22.)

6. Plaintiffs demanded an immediate change in the executive administrator for the school, (*See* Tr. Of Feb. 19, 1999 H'rg at 22.); termination of all other personnel allegedly responsible for violating Mary W.'s legal rights, (*Id.*); an apology from the school board in open session; termination of school funding, (*Id.*); and a general evaluation and restructuring of

the school district's special education program. (*Id.*)

7. Plaintiffs characterize their claims as follows:

RE MARY W.:
Plaintiff asserts that TEA, *under 42 U.S.C. § 1983*, deprived Mary W. of a right and privilege secured by *Federal Statutes under 20 U.S.C. § 1401 et seq (sic), IDEA and the Rehabilitation Act of 1973*, and as such is liable to Mary W., as an injured party, in an action at law, suit in equity, or other proper proceeding for redress. (Emphasis added)
RE CHRISTY MCD.:
    IN COUNT I:
2. Plaintiff asserts that TEA, *under 42 U.S.C. § 1983*, deprived Christy McD. of a right and privilege secured by Federal Statutes under 20 U.S.C. § 1401 et seq (sic), IDEA and the Rehabilitation Act of 1973, and as such is liable to Christy McD., as an injured party, in an action at law, suit in equity, or other proper proceeding for redress.
    IN COUNT II:
2. Plaintiff asserts that TEA acted, *under 42 U.S.C. § 1983*, deprived (sic) Christy McD. of a right and privilege secured by Federal Statutes under 20 U.S.C. § 1401 et seq (sic), IDEA and the Rehabilitation Act of 1973 by allowing continued noncompli-

Thus, three things now are clear: First, plaintiffs assert claims against TEA only under 42 U.S.C. § 1983. Second, plaintiffs seek to recover the same elements of damages from Excelsior ISD and TEA. Third, and as a necessary consequence of plaintiffs' joint and several liability argument, plaintiffs do not contend that TEA committed violations of federal law with respect to Christy McD. and Mary W. separate and distinct from the school defendants. Rather, TEA's liability is premised on its alleged failure to properly monitor and supervise Excelsior ISD so as to remedy the Excelsior ISD's alleged improper actions.

## B. Section 1983

Title 42 U.S.C. § 1983 (1998) provides:

Every *person* who, under color of any statute, ordinance regulation, custom, or usage, of any State ..., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, ...

42 U.S.C. § 1983 (emphasis supplied).

■ Section 1983 does not confer substantive rights. *See West v. Atkins,* 487 U.S. 42, 108 S.Ct. 2250, 101 L.Ed.2d 40. Rather, it redresses deprivation of rights created by the Constitution or federal statute. Thus, an individual may pursue a Section 1983 action based upon federal statutory violations by individual state actors. *Maine v. Thiboutot,* 448 U.S. 1, 5–6, 100 S.Ct. 2502, 2504–05, 65 L.Ed.2d 555 (1980) (Section 1983 encompasses claims based on purely statutory violations of federal law).

■ Generally, Section 1983 plaintiffs must prove that (1) a person (2) acting under color of state law (3) subjected the plaintiffs or caused the plaintiffs to be subjected (4) to the deprivation of a right secured by the Constitution or laws of the United States. *See West,* 487 U.S. at 48, 108 S.Ct. at 2255; *Resident Council of Allen Parkway Village v. United States Dept. of Hous. & Urban Dev.,* 980 F.2d 1043, 1050 (5th Cir.), *cert. denied,* 510 U.S. 820, 114 S.Ct. 75, 126 L.Ed.2d 43 (1993).

■ The first element of a Section 1983 cause of action requires proof of personal involvement by an individual defendant. *See Board of County Commr's of Bryan County v. Brown,* 520 U.S. 397, 117 S.Ct. 1382, 1385, 137 L.Ed.2d 626 (1997) (citing *Monell v. Dept. of Social Servs. of City of New York,* 436 U.S. 658, 694, 98 S.Ct. 2018, 2027, 56 L.Ed.2d 611 (1978)). In *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 65, 109 S.Ct. 2304, 2309, 105 L.Ed.2d 45 (1989), the Supreme Court held that a State is not a "person" suable under 42 U.S.C. § 1983. See *Will,* 491 U.S. at 65, 109 S.Ct. at 2309 (The Court relied on the lack of any "clear statement" in the statute of a congressional intent to abrogate Eleventh Amendment immunity so as to impose Section 1983 liability on states.).

■ In turn, the personal involvement requirement for Section 1983 liability produces several rules that distinguish a Section 1983 action from ordinary tort cases. Thus, Section 1983 liability cannot be premised on an employer or supervisor based on the doctrine of *respondeat superior.* *Thompkins v. Belt,* 828 F.2d 298 (5th Cir.1987). Nor can Section 1983 liability generally be imposed for failure to

ance with 20 U.S.C. § 1401 et seq (sic), and as such is liable to Christy McD., as· an injured party, in an action at law, suit in equity, or other proper proceeding for redress.

IN COUNT III:

2. Plaintiff asserts that TEA acted, *under 42 U.S.C. § 1983,* deprived (sic) Christy McD. of a right and privilege secured by Federal Statutes under 20 U.S.C. § 1401 et

seq (sic), IDEA and the Rehabilitation Act of 1973 by allowing continued noncompliance with the Administrative Law Judge's Ruling, and as such is liable to Christy McD., as an injured party, in an action at law, suit in equity, or other proper proceeding for redress.

(*See* Pl.'s Response to Cts.' Request to Identify Claims, Docketed as Received on June 4, 1999) (Emphasis supplied in all instances.)

train or supervise. *Id.* Finally, Section 1983 liability cannot be imposed based on ordinary negligence. *Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986).

## C. Exhaustion of Administrative Remedies

■] Failure to exhaust administrative remedies, when required, before bringing suit deprives the court of subject matter jurisdiction. *See Shah v. Quinlin,* 901 F.2d 1241, 1244 (5th Cir.1990); *Ainsworth Aristocrat Int'l Pty. Ltd. v. Tourism Co.,* 818 F.2d 1034, 1039 n. 26 (1st Cir.1987) (noting exhaustion may be jurisdictional if statute so provides).

The court previously has addressed the requirement for exhausting administrative remedies. *See Eddins v. Excelsior I.S.D.,* 1997 WL 470353, at *9 (E.D.Tex. Aug.6, 1997). The court determined earlier that there is an exhaustion of administrative remedy requirement for direct actions under IDEA. There generally is no exhaustion requirement for Rehabilitation Act claims and Section 1983 claims unless excusing exhaustion would subvert the intent of Congress.

## D. Application

As noted above, TEA's grounds for dismissal are Eleventh Amendment immunity from suit and lack of subject matter jurisdiction attributable to failure to exhaust administrative remedies. As both are threshold issues, the court may address either one initially.

■ Since plaintiffs' causes of action are prosecuted solely under Section 1983, TEA's motion to dismiss based on Eleventh Amendment immunity must be granted. TEA is a state agency. Under *Will v. Michigan Dept. of State Police,* supra, TEA does not qualify as a "person" as that term is used in Section 1983. *See Will,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45.

Even if TEA were a "person" for Section 1983 purposes, TEA would nevertheless be entitled to dismissal. As noted above in Section IV. B., TEA cannot be held liable under Section 1983 either for its own negligence or for its failure to properly supervise the school defendants absent allegations that an unlawful TEA policy actually caused the school defendants to violate federal rights. There also can be no *respondeat superior* liability for alleged acts and omissions of the school defendants.

## E. Conclusion

As a state agency, TEA is immune from suit under Section 1983. Inasmuch as Section 1983 is the only basis on which plaintiffs sue TEA, there is no need to address the other prong of TEA's immunity argument. Nor is there need to consider TEA's additional ground that asserts failure to exhaust administrative remedies.

## V. Recommendation

Defendant TEA's motions to dismiss should be granted.

### Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within ten days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fᴇᴅ. R.Cɪᴠ.P. 6(a), 6(b), and 72(b).

■ A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n.,* 79 F.3d 1415, 1417 (5th Cir.1996) (en banc).

Sept. 7, 1999.