

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-25-2009

# In Re: Bayside Priso

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2777

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"In Re: Bayside Priso " (2009). *2009 Decisions.* Paper 1133.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1133

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2777
_____

IN RE:  BAYSIDE PRISON LITIGATION

JOSE BAEZ,
Appellant
v.
WILLIAM H. FAUVER, et al.

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Nos. 97-cv-5127 and 08-cv-2757)
District Judge:  Honorable Robert B. Kugler

_____

Argued May 20, 2009

Before:  RENDELL and GARTH, <u>Circuit</u> <u>Judges</u>,
and VANASKIE, <u>District</u> <u>Judge</u>*

(Filed: June 25, 2009)

_____

Lawrence W. Lindsay, Esq.    **[ARGUED]**
Justin T. Loughry, Esq.
Loughry & Lindsay
330 Market Street
Camden, NJ  08102
     *Counsel for Appellant*

_____

*Honorable Thomas I. Vanaskie, Judge of the United States District Court for the Middle District of Pennsylvania, sitting by designation.

Mark M. Roselli, Esq.    **[ARGUED]**
Roselli, Griegel, Lozier & Lazzaro
1337 State Highway 33
Hamilton Square, NJ  08690
   *Counsel for Appellee*

---

OPINION OF THE COURT

---

RENDELL, <u>Circuit Judge</u>.

This case comes to us on appeal from the District Court's grant of summary judgment in favor of the defendants and against prisoner plaintiff Jose Baez, in this civil rights action under 42 U.S.C. § 1983.  The District Court concluded that Baez's suit was foreclosed under the Prison Litigation Reform Act of 1996 ("PLRA"), 42 U.S.C. § 1997e(a), which requires a prisoner to exhaust his administrative remedies before proceeding in federal court.  The District Court determined that "exhaustion" did not occur because Baez transmitted a letter complaint to Bayside's Internal Affairs division, but did not file an Administrative Remedy Form ("ARF") at Bayside or at his subsequent places of incarceration, Northern State Prison ("NSP") and New Jersey State Prison ("NJSP").  However, we conclude that summary judgment was improper because material fact issues exist as to whether Baez exhausted available administrative remedies.  Accordingly, we will vacate the order of the District Court and remand the case.

Because we write solely for the benefit of the parties, we confine our discussion to the facts salient to this appeal.  The events underlying Baez's suit occurred during a

2

lockdown of Bayside prison, ordered after the death of a guard in July 1997. Baez contends that Bayside personnel beat him during the lockdown and resorted to threats and intimidation to dissuade him from submitting an ARF, required to initiate the grievance process. Plaintiff's Appendix ("P.A.") 347, 358-59. Shortly thereafter, in September 1997, Baez hand-delivered a letter to Bayside's Internal Affairs department, in which he complained that he was assaulted during the lockdown; Bayside found his claim to be unsubstantiated. P.A. 300, 334.[1] At the same time, in October 1997, Baez was transferred from Bayside to NSP and, in July 1998, Baez was again transferred to NJSP, where he remained until September 2001. P.A. 280. At no time prior to filing suit did Baez submit an ARF. P.A. 285.

We exercise plenary review of the District Court's grant of summary judgment, applying the same test that the District Court applied. *Waldorf v. Shuta*, 896 F.2d 723, 728 (3d Cir. 1990). Whether there is an available administrative remedy is a question of law for the court to decide, which we review *de novo*. *Brown v. Croak*, 312 F.3d 109, 111 (3d Cir. 2002); *Snider v. Melindez,* 199 F.3d 108, 113-14 (2d Cir. 1999). Where subsidiary fact issues exist, we will draw all reasonable inferences in the light most favorable to the non-moving party, affirming the grant of summary judgment only if there are no genuine issues of material fact, and the moving party is entitled to judgment as a

---

[1] The record reflects that the letter was drafted by Baez on August 29, 1997, but marked "received" by Bayside on September 2, 1997. P.A. 334. Henceforth, we will refer to the date of receipt, not authorship.

3

matter of law. *See Croak*, 312 F.3d at 112; *Snider*, 199 F.3d at 114; *Waldorf*, 896 F.2d at 728.

The PLRA, 42 U.S.C. § 1997e(a), provides, "[n]o action shall be brought with respect to prison conditions under [§ 1983] or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The PLRA's exhaustion requirement applies to inmate suits involving excessive force. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Because it is an affirmative defense, the burden of proving failure to exhaust rests with the defendant. *Ray v. C.O. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002).

Here, it is undisputed that Bayside provided an administrative remedy that covered Baez's specific complaint; that to avail himself of this remedy under the regulations in effect at the time of his assault, Baez was required to file an ARF; and that Baez failed to do so when he transmitted, instead, a letter complaint to Bayside's Internal Affairs department in September 1997. Finding these facts dispositive, the District Court granted summary judgment in favor of the defendants. Baez contends, however, that the District Court failed to address the fact that a parallel procedure was adopted by Bayside in January 1999 ("1999 procedure") to track complaints regarding the 1997 lockdown. P.A. 555-59. In his deposition, James Dutch, a Bayside official, testified that in January 1999 Bayside began "converting" "all" inmate complaints regarding the 1997 lockdown –

4

whatever their form and whenever sent – into ARFs.[2]  P.A. 555-59.  Dutch explained, further, that these ARFs were then forwarded to the Special Investigations division for further consideration and possible response.  Baez maintains that ARFs prepared by Bayside staff, on the one hand, and ARFs prepared by an inmate personally, on the other, were subject to the same administrative review, and enabled an inmate to access exactly the same remedies.  Accordingly, Baez maintains that, practically speaking, he "exhausted" his administrative remedies when his letter complaint was converted to an ARF and forwarded to the Special Investigations division.  We agree that Dutch's testimony, which was not addressed by the District Court, raises multiple fact issues material to our exhaustion inquiry, including: (1) whether Bayside began accepting letter complaints in lieu of ARFs; (2) whether Baez's letter to Internal Affairs was, in fact, converted to an ARF, forwarded to the Special Investigations division, and adjudicated by Bayside in a timely manner;[3] (3) if so, whether Baez filed suit prematurely, or whether he

---

[2] Defendants urge the Court to disregard Dutch's testimony, which they claim was not properly before Judge Kugler.  Although Dutch's testimony was appended to a submission filed in a separate lawsuit, Baez expressly incorporated by reference Dutch's testimony in his own response brief. P.A. 670-71.  Defendants contend that the District Court's denial of class certification precludes Baez from incorporating evidence from other Bayside cases by reference. We find no logical relationship between the District Court's denial of class certification, which dictates how plaintiffs' substantive claims are adjudicated, and Baez's right to incorporate evidence by reference – a means of eliminating duplicative attachments that has no impact on how issues are tried.  Accordingly, Dutch's testimony was properly before Judge Kugler and, in turn, this Court.

[3] A prison must timely respond to inmate grievances, and thus Bayside could not postpone consideration of Baez's ARF indefinitely. *See Lewis v. Washington*, 300 F.3d

properly awaited adjudication of his ARF *before* commencing his federal action;[4] and (4)

whether Bayside afforded identical administrative review and remedies for "converted"

ARFs, such as Baez's, and ARFs prepared personally by inmates. Because these fact

issues bear directly on whether Baez properly exhausted his administrative remedies, and

were not specifically addressed by the District Court, we will vacate the grant of summary

judgment and will remand the case.

Our conclusion that the 1999 procedure raises material fact issues is buttressed by

Judge Kugler's decision in *In re Bayside Litigation* (Abbott), No. 08-127, a related action

brought by another Bayside inmate, Joseph Abbott. Abbott, like Baez, transmitted a letter

to Bayside complaining of misconduct during the 1997 lockdown instead of filing an

ARF. Defendants moved for summary judgment under the PLRA. Relying on evidence

identical to that presented here – Dutch's deposition testimony – the District Court denied

summary judgment.[5] P.A. 668. We are cognizant that Abbott, unlike Baez, transmitted

---

829, 833 (7th Cir. 2002); *see also Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007); *Foulk v. Charrier*, 262 F.3d 687, 698 (8th Cir. 2001); *Shah v. Quinlan*, 901 F.2d 1241, 1243-44 (5th Cir. 1990).

[4] In *Woodford v. Ngo*, the Supreme Court instructed that "proper" exhaustion requires that an inmate afford prison officials adequate "time and opportunity to address complaints internally" before filing suit. 548 U.S. 81, 93 (2006).

[5] After noting that "as early as January 1999, administrators at Bayside State Prison were accepting prisoner complaints through means other than the administrative remedy form prescribed in the 1996 Bayside Prison Inmate Handbook, such as by letter or other informal means," Judge Kugler concluded that hearings were required "to assess the impact of the newly presented evidence [from James Dutch] concerning the administrative remedy process in use at Bayside State prison during the relevant time

his letter complaint in September 1999 – *after* Bayside began converting letter complaints to ARFs. However, given evidence that Bayside converted *all* inmate correspondence concerning the 1997 lockdown into ARFs, we cannot conclude, on the scant record before us, that this distinction necessarily means that Baez failed to exhaust his remedies.[6]

Two other fact questions raised by the evidence also require our remand of the case: whether Bayside personnel interfered with Baez's access to the grievance system; and whether Baez should have filed a grievance at NJSP or NSP if the remedies were not indicated as being available for misconduct by personnel at other prisons.[7]

First, Baez introduced evidence sufficient for a reasonable jury to conclude that Bayside interfered with his access to the grievance system, by withholding remedy forms during the lockdown and by employing threats that would have deterred an "individual of ordinary firmness" from filing a complaint, thus rendering the ARF procedure unavailable at the time of the lockdown and before he was transferred. P.A. 300, 347, 526, 555, 558;

---

period." P.A. 668.

[6] We underscore that Baez violated no prison regulation by his delay, since, as Judge Kugler observed, Bayside did not require inmates to file ARFs within a specific timeframe.

[7] These fact issues are relevant only if the District Court concludes, on remand, that Baez did *not* exhaust his remedies at Bayside through the 1999 procedure. If Baez did so exhaust his remedies, then his suit may be maintained under the PLRA, and whether he could have availed himself of remedies allegedly available at NSP and NJSP is no longer relevant.

*see Hemphill v. New York*, 380 F.3d 680, 688 (2d Cir. 2004); *see also Kaba v. Stepp*, 458 F.3d 678, 684-85 (7th Cir. 2006); *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001).[8]

Second, Baez introduced evidence from which a jury could rationally conclude that NJSP and NSP did not indicate the availability of procedures for filing complaints involving conditions at other institutions. Judge Kugler concluded that both NJSP and NSP afforded an administrative remedy applicable to Baez's specific complaint; that this remedy, which entailed "referral" of the complaint to the appropriate institution, was not exhausted by Baez; and that Baez's failure to avail himself of NJSP and NSP's "referral" remedy was not excused by his fear of retaliation, as he encountered no threats at either institution. Defendants' Appendix ("D.A.") 61; P.A. 406. However, the District Court did not address evidence that this remedy was not reasonably communicated to Baez and, therefore, was practically "unavailable." *See Goebert v. Lee County*, 510 F.3d 1312, 1323 (11th Cir. 2007); *see also Bryant v. Rich*, 530 F.3d 1368, 1373 & n.6 (11th Cir. 2008); *Ruggiero v. County of Orange*, 467 F.3d 170, 178 (2d Cir. 2006); *cf. Croak*, 312 F.3d at 113. No document apprised inmates that relief was available for conditions at other prisons. To the contrary, the NSP and NJSP inmate handbooks conveyed the *opposite* impression. The NSP handbook, for example, instructed inmates to use ARFs solely for

---

[8] Although Baez testified that he feared retaliation, he failed precisely to identify which defendants issued threats or engaged in other intimidation. Accordingly, we reject Baez's argument that defendants are equitably estopped from urging exhaustion as an affirmative defense. *See Hemphill*, 380 F.3d at 689 (estoppel only applies to individual defendants who engaged in wrongdoing).

"complaints regarding conditions *within the jurisdiction of the institution* that affect them personally." P.A. 428-30 (emphasis added). The remedy section of the NJSP handbook, moreover, did not specify a procedure for filing complaints involving conditions at *other* institutions. P.A. 383.[9] Indeed, an NJSP official testified that ARF forms were used primarily for complaints regarding conditions at *NJSP*, and that he could not recall a single occasion in which NJSP had handled a complaint involving conditions at another institution. D.A. 60; P.A. 383, 417. Hence, whether NJSP and NSP adequately communicated to Baez that remedies were available for misconduct by officials at Bayside presents a fact issue for the jury.

For the foregoing reasons, we conclude that summary judgment was improper, and that additional factual findings are required before it can be determined, as a matter of law, whether Baez failed to exhaust his administrative remedies. Accordingly, the order of the District Court will be VACATED, and the case REMANDED to the District Court for further proceedings consistent with this opinion.

---

[9] The section of the NJSP handbook describing the Office of Ombudsman suggests that complaints involving conditions at other institutions should be raised not through the ARF process, as defendants assert, but rather through the Office of Ombudsman. P.A. 387 ("This Office [Office of the Ombudsman] was set up to help you in resolving problems and complaints which *cannot be dealt with within the Institution*.") (emphasis added). The NSP handbook contains similar instructions. P.A. 408. Because defendants do not contend that Baez was required to file a grievance with the Office of the Ombudsman to exhaust his remedies, we do not analyze this issue.